Clare E. BEATTY and Patricia M. Beatty, his wife, Respondents,

v.

Lee R. GARNER and Ruth B. Garner, his wife, Appellants.

No. 54638.

Supreme Court of Missouri, Division No. 1.

Sept. 14, 1970.

Rehearing Denied Oct. 12, 1970.

Henderson, Heagney & Snyder, Robert O. Snyder, St. Louis, attorneys for plaintiffs (respondents).

Susman, Willer, Rimmel & Elbert, Harold I. Elbert, St. Louis, for defendants (appellants).

ARTHUR W. ROGERS, Special Judge.

Plaintiffs, respondents, brought action sounding in contract alleging an oral agreement to enter into partnership, and praying accounting and declaration that they are the co-owners as tenants in copartnership of certain properties. The trial court found in favor of plaintiffs and, from final judgment, defendants appeal. Defendants make the point that the trial court erred in holding that the parties "entered into three verbal joint venture contracts for the speculative purchase, development and sale of service station properties under the terms of which defendants would be responsible for whatever purchase and construction money was necessary in consideration of plaintiff Beatty applying his expert knowledge of service station properties in the selection of sites and procuring favorable leases thereon and that plaintiffs and defendants would share equally in the profits from said operations and the resulting equities in the properties purchased." The other point made by defendants is that the trial court erred in sustaining plaintiffs' exceptions to defendants' claims for interest.

The points made by defendants necessarily require a review of the evidence so as to determine whether the findings of the trial court are supported and, in so doing, we must bear in mind the provisions of Supreme Court Rule 73.01(d), V.A.M.R.: " * * * The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses * * *." The parties, in their briefs, set out the rule that actions of equitable nature are reviewed, on appeal, de novo, the court deferring to the finding of the trial court when proper. Appellants also point out the further rule that oral partnership agreements must be proven by clear, cogent and convincing evidence.

In reviewing the evidence in this case de novo it is noted that plaintiffs and defendants became acquainted shortly after plaintiffs moved to St. Louis in 1953, at which time plaintiff, Clare E. Beatty, was an employee of Standard Oil Company and was engaged primarily in development of sales through accounts of service stations. Plaintiffs and defendants met frequently in social ways, and Mr. Beatty and Dr. Garner often talked of business. In the Spring of 1954, they talked about service station investments. Conversations of this nature continued to April, 1956, when Clare Beatty took Dr. Garner to see a site on Page Boulevard in St. Louis that he, Beatty, thought might make a good investment. Clare E. Beatty stated that Dr. Garner had suggested that they might make a deal that would be mutually profitable. Clare Beatty's testimony was that he proposed that defendant Lee R. Garner purchase the whole site, sell all but the filling station portion in which he, plaintiff, would have an equity, and defendants would have the proceeds of the portion to be sold. Dr. Garner was to put up the money. This piece of property was purchased in the name of defendants, plaintiff refusing to have his name on the deed because of his position with Standard Oil Company, even though there was no rule of his employer prohibiting his having interests in filling stations. At defendants' request, plaintiff Clare Beatty helped get the abstract of title cleared, and later helped straighten out problems arising in construction of a filling station. Later, Dr. Garner called plaintiff, Clare E. Beatty, and stated, "this looks like a pretty good deal. We ought to get some more of these developed.

Why don't we go into it on a 50-50 basis all the way through? I'll put up the money, and you get the locations for investment."

Plaintiff Clare Beatty's testimony is that he took defendant Lee R. Garner to view many sites, including a site on Clarkson Road in St. Louis County. This property was purchased and is referred to by the parties as the "Clarkson Road property." Plaintiffs had paid $500 for an option on this property and, after several months, went to Dr. Garner with the proposition that it be purchased. Dr. Garner agreed to buy the property but was unable to borrow and, at his request, plaintiffs pledged shares of stock and signed the mortgage note with them. Later Dr. Garner, defendant, repaid plaintiffs the $500 they had paid for the option, refinanced the loan, and plaintiffs' stocks were returned to them.

Plaintiff Clare E. Beatty, at the bidding of his employer, Standard Oil Company, moved to Cape Girardeau, Missouri. On learning that plaintiffs were moving, Dr. Garner asked if this would disrupt their dealings. He was assured that it would not. Later, at plaintiff Clare Beatty's suggestion, a filling station was purchased by Dr. Garner in Cape Girardeau. Defendants do not complain of the trial court's declaration that the parties have equal shares in title to this property. At the trial Dr. Garner stated that they were joint owners in this property.

Plaintiff Clare Beatty informed defendant, Dr. Lee R. Garner, that he planned to quit his work with Standard Oil Company and go into another line of business and asked Dr. Garner if he would be interested in such business. The doctor declined. Plaintiff then requested that he, Dr. Garner, give him a statement setting out his equities in the properties, this to be used by plaintiff in obtaining credit. Several letters sent to plaintiffs were returned to Dr. Garner because they were unsatisfactory for plaintiffs' intended use. Dr. Garner then sent plaintiffs a letter, plaintiffs' Exhibit J, stating that plaintiffs' equity in the Page Boule-

vard property at 50 per cent was approximately $17,000 and in the Clarkson Road property, plaintiffs' equity was 50 per cent, or about $20,000.

The parties hereto, both plaintiffs and both defendants, were together on many occasions from the time of the purchase of the Page Boulevard property to the time of the filing of this suit. They were together immediately after the purchase of the Clarkson Road property at which time (testimony of plaintiff Patricia Beatty) Dr. Garner stated that they should draw up some kind of partnership agreement. On several occasions suggestion was made that the agreement should be put in writing; that they should form a corporation.

When the deed to the Clarkson Road property was made out, plaintiffs as well as defendants were named as grantees. Plaintiffs objected to this, and a new deed was made naming only defendants as grantees. There is no proof as to who directed the scrivener in drafting the first deed and there is no evidence that defendants objected that plaintiffs were named as grantees therein.

While plaintiffs took no part in management of the properties, there is proof, undenied, that defendant Dr. Lee Garner called plaintiff Clare Beatty often, Clare says as many as three telephone calls a week, for his advice in construction of filling stations and other matters relating to the properties purchased, and investments.

Plaintiffs received no income from the properties and reported no income from the properties on their income tax returns.

The business and social relations of plaintiffs and defendants continued from the time of the purchase of the Page Boulevard property, May, 1956, until February, 1963, when defendant Lee Garner, in response to plaintiffs' request for accounting, stated plaintiffs had no interest.

We are of the opinion that plaintiffs' proof of joint venture agreements is clear

and convincing. Defendants would have plaintiff Clare Beatty lend his efforts and knowledge of automobile service station sites and operations, take them to view many sites which plaintiffs found were for sale, advise them in construction of service stations, aid them in securing loans by pledging stocks, and aid in the clearing of titles, securing lessees for the properties, and, in the end, have no interest in the properties purchased. Plaintiffs' proof that such services were performed was not for the most part challenged or refuted by defendants. Defendants admit the joint ownership in the Cape Girardeau property. This venture was quite like the purchases of the Page Boulevard and Clarkson Road properties, the only difference being that it was to be a short term investment, where the Page Boulevard and Clarkson Road investments were to be of longer terms, the parties intending to lease the stations to operators.

Heald v. Erganian, Mo.Sup., 377 S.W.2d 431, is quite similar in several respects to this case. Here plaintiff alleged oral joint venture agreement. Defendant, on appeal, argued that plaintiff's proof was of a partnership. In Heald, at page 439, the court treats and discusses the terms "joint adventure and partnership" and, citing authorities, makes these observations: " 'Joint adventures arise out of contract, but may be established without specific formal agreement and may be implied or proved by facts and circumstances showing such a relationship was in fact created' "—"that 'There need not necessarily be an agreement to share losses' "—"rights as between adventurers are governed by the same rules that govern partnerships"—and the court concluded by quoting from Morrison v. Caspersen, Mo.Sup., 323 S.W.2d 697, 702: " 'In the view we take of the case, however, it appears to be unnecessary to reach a positive conclusion in that respect [existence of a joint adventure] because, as we see it, whether the agreement is considered as one providing for a joint adventure or whether it was simply an agreement creating certain contractual rights, the relief to which the parties are entitled is the same.' " That rule was held to apply in Heald v. Erganian, and again we hold it lies in this case.

■ Plaintiffs' oral testimony is buttressed by plaintiffs' Exhibit J, a paper prepared by Dr. Garner and given to plaintiffs to be used by them in establishing credit. The trial court was in a better position to judge of credibility and we defer to his findings of fact.

Appellants' citations of authorities relied upon, Prasse v. Prasse, Mo.Sup., 77 S.W. 2d 1001; Bussinger v. Ginnever, Mo.App., 213 S.W.2d 230; Scott v. Kempland, Mo. Sup., 264 S.W.2d 349, and Stouse v. Stouse, Mo.App., 260 S.W.2d 31, have been reviewed. The rules announced therein pertaining to quality and quantum of proof of both joint ventures and partnerships are consonant with declarations herein made and are not in conflict with the findings of the trial court.

■ We turn to defendants' second point, that the trial court erred in sustaining plaintiffs' exceptions to defendants' claim of credit for interest on sums invested for purchase of real estate and construction of filling stations. The trial court found that defendants were required to contribute or "be responsible for whatever purchase and construction money was necessary" in consideration for plaintiff Clare Beatty's applying his expert knowledge of service station properties. Plaintiffs' exceptions were to claim of defendants for interest in their accountings made in compliance with the trial court's interim order. In sustaining plaintiffs' exceptions to defendants' accountings, the court gave as the reason "because payment of interest on amounts invested by defendants is unsupported by any such agreement, nor by the Uniform Partnership Law (Sec. 358.180 RSMo 1959, V.A.M.S.) since the amounts were invested pursuant to the defendants' agreement to contribute same to the joint venture."

In carefully reviewing the evidence in this case, we find nothing to support an

agreement as to interest on investments and/or advances of operating expenses. We must, therefore, affirm the trial court's findings that there was no agreement to pay interest on amounts invested by defendants. In the absence of agreement as to interest on the investments, it would seem, as the trial court must have found, that defendant Lee R. Garner was to put his funds, or borrowed funds, to the use of the joint ventures in consideration of plaintiffs' services in locating acceptable filling station sites, etc. In the absence of agreement to pay interest on defendants' capital investments, it cannot be allowed.

It is true that defendants, in their accountings, have taken credit for payment of interest on notes secured by deeds of trust on the Page Boulevard and Clarkson Road properties. These were purchase money notes. The trial court found and we affirm that defendants had agreed to be responsible for all purchase and construction money that might be necessary. It is seen that defendants were collecting rents on these properties during most of the periods covered by the accountings. Thus, we must conclude that since plaintiffs owned one-half interest in the properties and, therefore, one half the rents collected, they are being charged with the payment of one half the interest on money borrowed for capital investment. Plaintiffs did not file an exception to the credits taken by defendants in the accountings. This would seem to be inconsistent with the exception plaintiffs made of defendants' claim for interest on their capital investments. The failure to make exception to these credits is not explained by plaintiffs and may be considered an admission of liability. But we defer to the findings of the trial court with the thought that this was not considered as of great weight as compared with the evidence supporting the finding that defendants were to be responsible for all necessary purchase and construction money, proof that plaintiffs were to apply expert knowledge of service station properties in the selection and development of sites and procuring favorable leases, and the lack

of evidence that plaintiffs were to pay interest on capital contributions made by the defendants. The findings of the trial court are in accord with the weight of authority as set out in 68 C.J.S. Partnership § 84, p. 522, and 40 Am.Jur. Partnership, § 355, p. 379. Point 2 made by the defendants is ordered overruled.

Final judgment of the trial court is affirmed.

All concur.